United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAN BANH, | No. C 10-5915 JSW (PR) |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| L.S. McEWEN, et al., | |
| Respondents. / | |

**INTRODUCTION**

This is a federal habeas corpus action filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner. For the reasons set forth below, the petition is DENIED.

**BACKGROUND**

In 2007, a San Francisco County Superior Court jury found petitioner guilty of second degree robbery and assault with a deadly weapon, consequent to which petitioner was sentenced to 50 years-to-life plus 11 years in state prison. The jury acquitted petitioner of an attempted robbery and an assault charge, and could not reach a verdict on another assault charge. Evidence presented at trial demonstrated that petitioner, in separate instances,

robbed two persons, Wan Li and Sam Lam, at knifepoint:

[Robbery of Wan Li:]

At about 4:30 a.m. on August 24, 2003, Wan Li Li [*sic*] was delivering newspapers on Ellis Street near Hyde Street. As he opened a metal gate to a supermarket, a Chinese man greeted him in Chinese and walked away. The man returned and asked Li for money. When Li said he had no money, the man poked Li in the back with what Li believed was some kind of weapon and demanded money. Li was frightened and told the man there were some quarters inside Li's vehicle. The man said the quarters would not do, and demanded the contents of Li's pockets. Li took out his wallet and gave the man approximately $90. The man then demanded Li's necklace, which Li gave him. The man then told Li to "leave quickly," or he would "beat [Li] up." Li then drove away and reported the incident to police. In October 2003, Li viewed a police photo lineup and identified [petitioner] as the person who robbed him. However, at the 2007 trial, Li was unable to identify [petitioner] as the person who robbed him.

[Robbery of Sam Lam:]

On the afternoon of August 31, 2003, Sam Lam was walking on 9th Avenue in San Francisco when a man approached and asked Lam for $20 so he could purchase some medication at a pharmacy for a rash on his arms. Lam observed a rash on the man's arm. After Lam said he had no money, the man pushed Lam into a doorway, angrily asked him again for money, began hitting him and pulled out a knife. Lam then took out his wallet and gave his assailant about $28. The assailant then demanded Lam's identification. The assailant continued to hit Lam, stabbed him in the chest, yanked off his necklace and fled. Thereafter, Lam walked toward a group of people and, unbeknownst to him, the assailant was in the group. When the assailant saw Lam, he yelled, "Why are you following me?" Frightened, Lam crossed the street and went to the police station to report the incident.

(Ans., Ex. E at 2–3.)

As grounds for federal habeas relief, petitioner alleges (1) that he received ineffective assistance of counsel; (2) that his right to confrontation under the Sixth Amendment was violated; and (3) that his right to due process was violated because there was not sufficient evidence to support his conviction, and the trial court failed to enter a judgment of acquittal on that basis.

## STANDARD OF REVIEW

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits

2

in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412–13 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id*. at 409.

## DISCUSSION

**I.     Assistance of Defense Counsel**

Petitioner claims that defense counsel rendered ineffective assistance by making certain statements in his opening argument, and by failing to object to a police officer's testimony regarding the information conveyed in those statements by defense counsel.

Petitioner was arrested on a parole violation three weeks after the Li and Lam robberies. Police found a crack pipe on his person. Defense counsel moved to suppress any mention that petitioner was on parole, that he violated parole, and that he possessed a crack pipe, a motion the trial court denied. In an odd move, defense counsel, during opening

3

1 argument, mentioned these same facts to the jury. Also, defense counsel named as the true
2 perpetrator David Lee, a suspect in other unrelated robberies whose identification petitioner
3 had on his person when arrested. This was in violation of the trial court's order that forbade
4 either party from mentioning Lee until he was called as a witness. Petitioner claims that
5 defense counsel rendered ineffective assistance by making these statements. According to
6 petitioner, the parole and crack pipe statements colored him as a person of bad character,
7 likely to commit crimes. Also, by declaring that David Lee is the perpetrator, defense
8 counsel allowed the prosecutor to present evidence from which the jury could infer that
9 petitioner had committed prior uncharged robberies with Lee. Mentioning Lee was also
10 deficient because, as the parties later stipulated, Lee was in custody at the time of the
11 offenses with which petitioner was charged.

12       The state appellate court concluded that defense counsel's performance was deficient,
13 but ultimately rejected the claim of ineffective assistance because, owing to the strong
14 evidence of guilt, petitioner was unable to show prejudice:

> The evidence of [petitioner]'s guilt was strong. Within a week of being robbed in August 2003, Lam unequivocally identified [petitioner] from a photo lineup as the person who robbed him. That Lam was unable to identify [petitioner] in court more than three years later does not diminish the strength of his nearly contemporaneous identification. In addition, Lam testified his robber had a rash on his arms and demanded money to purchase medication for the rash. At the time of [petitioner]'s arrest, he had a rash on both arms. Less than two months after being robbed, Li also unequivocally identified [petitioner] from a photo lineup as the person who robbed him. In both the Lam and Li robberies, [petitioner] demanded the victims' money and then their necklaces.

21 (Ans., Ex. E at 11–12.)

22       Claims of ineffective assistance of counsel are examined under *Strickland v.*
23 *Washington*, 466 U.S. 668 (1984). In order to prevail on a claim of ineffectiveness of
24 counsel, the petitioner must establish two factors. First, he must establish that counsel's
25 performance was deficient, i.e., that it fell below an "objective standard of reasonableness"
26 under prevailing professional norms, *id.* at 687–68, "not whether it deviated from best
27 practices or most common custom," *Harrington v. Richter*, 131 S.Ct. 770, 788 (2011) (citing
28

4

*Strickland*, 466 U.S. at 690). "A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance." *Richter*, 131 U.S. at 787 (quoting *Strickland*, 466 U.S. at 689). Second, he must establish that he was prejudiced by counsel's deficient performance, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

This Court cannot say that the state appellate court's decision was an unreasonable determination of the facts, or an unreasonable application of Supreme Court precedent. Defense counsel's statements were improper and inflammatory. The Court cannot say, however, that they resulted in prejudice. The victims unequivocally identified petitioner as the perpetrator soon after the crimes were committed. That Lam was unable to identify petitioner at trial does not disturb this determination. The jury was free to consider Lam's inability as part of its determination of his credibility as witness. This Court must presume that the jury resolved any conflicts in the evidence in favor of the prosecution, and defer to that resolution. *Jackson v. Virginia*, 443 U.S. 307, 326 (1979). Furthermore, the jury's acquittal on two charges and deadlocking on a third supports the conclusion that petitioner did not suffer prejudice. If the jury was convinced that petitioner was guilty of the charged offenses because he was on parole and had a crack pipe, such a prejudiced jury would have convicted petitioner on all charges. This, however, did not happen. On such a record, petitioner has not shown that he received ineffective assistance of counsel in this instance, nor when defense counsel did not object to testimony regarding his parole status and his possession of the crack pipe. Accordingly, petitioner's claims are DENIED for want of merit.

## II. Confrontation Clause Claim

At his preliminary hearing, police officers testified as to the victims' statements about the crimes. According to petitioner, the officers' recounting of such statements constituted testimonial hearsay, which is barred from admission under *Crawford v. Washington*, 541 U.S. 36 (2004). Petitioner contends that his Confrontation Clause rights were violated by such evidence, as he was denied his right to confront the victims at the preliminary hearing regarding their statements. Petitioner did not raise this claim on direct appeal.

Petitioner's claim fails. As noted above, this Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). Petitioner is in custody pursuant to the jury's trial verdict, not because of the preliminary hearing decision. Any alleged constitutional violations at his preliminary hearing are outside federal habeas corpus review. Furthermore, petitioner has failed to show any defect in the preliminary hearing that affected the trial. Petitioner was able to confront the witnesses at trial, and had the opportunity to cross-examine them regarding their statements. *See Crawford*, 541 U.S. at 61 (holding that the goal of the Confrontation Clause is to ensure that a defendant can test the reliability of evidence through "the crucible of cross-examination"). Accordingly, this claim is DENIED.

## III. Sufficiency of the Evidence

Petitioner claims that there was insufficient evidence to support his convictions for robbery and assault with a deadly weapon, and that the state court erred in not entering a judgment of acquittal on those charges. More specifically, petitioner, noting the victims' inability to identify petitioner at trial, contends that there was insufficient evidence that he was the perpetrator. He does <u>not</u> contend that there was insufficient evidence on which any rational trier of fact could have found the essential elements of the crime beyond reasonable doubt. Petitioner did not raise these claims on direct appeal.

6

As noted above, there was sufficient evidence presented at trial to support the jury's guilty verdicts. This Court must presume that the jury resolved any conflicts in the evidence in favor of the prosecution, and defer to that resolution. *See Jackson*, 443 U.S. at 326. On such a record, the state court did not commit a constitutional error by not entering a judgment of acquittal. Accordingly, petitioner's claim is DENIED.

## CONCLUSION

The state court's adjudication of petitioner's claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, the petition is DENIED. Petitioner's motion for summary judgment (Docket No. 6) is DENIED.

A certificate of appealability will not issue. Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from the Court of Appeals. The Clerk shall enter judgment in favor of respondents, terminate Docket No. 6, and close the file.

**IT IS SO ORDERED.**

DATED: December 14, 2011

JEFFREY WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

DAN BANH,

    Plaintiff,

  v.

L S MCEWEN et al,

    Defendant.

Case Number: CV10-05915 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 14, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Dan Banh F-79426 B1-113
Calipatria State Prison
P.O. Box 5002
Calipatria, CA 92233-5002

Dated: December 14, 2011

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk